UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. FORGAN, | Case No. 2:25-cv-1325-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| TUOLUMNE COUNTY JAIL, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against seven defendants, alleging that they violated his constitutional rights by failing to provide him with a Kosher diet, refusing to keep his appointments for hernia repair, and denying him adequate access to the law library. The complaint is flawed insofar as it contains multiple, unrelated claims against more than one defendant. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening Order**

## I.     Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff's complaint raises three insufficiently related claims against six defendants at the Calaveras County Adult Detention Center and the County of Tuolumne. First, he contends that he was not provided with a Kosher diet and that his nutrition suffered as a result. ECF No. 1 at 5.

1  Second, he alleges that defendants failed to ensure he attended medical appointments for hernia

2  repair. *Id.* at 6. Third, he alleges that his access to the law library was inadequate. *Id.* at 7.

3  There is no legal or factual overlap in these claims and success in one has no bearing or relation

4  on the other. Multiple, unrelated claims against more than one defendant belong in separate suits.

5  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

6      Plaintiff may file an amended complaint that remedies this deficiency. He is advised that

7  the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693

8  F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended

9  Complaint" and refer to the appropriate case number.

10     Accordingly, it is ORDERED that:

11     1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

12     2. Within thirty days from service of this order, plaintiff shall file either (1) an amended

13 complaint or (2) notice of voluntary dismissal of this action without prejudice.

14     3. Failure to timely file either an amended complaint or notice of voluntary dismissal may

15 result in the imposition of sanctions, including a recommendation that this action be dismissed

16 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

17     4. The Clerk of Court shall send plaintiff a complaint form with this order.

18     5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

19  
20  IT IS SO ORDERED.

21  
22  Dated:   May 21, 2025                               _____  
                                                 JEREMY D. PETERSON  
23                                                 UNITED STATES MAGISTRATE JUDGE