UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. FORGAN, | Case No. 2:25-cv-1325-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| TUOLUMNE COUNTY JAIL, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against numerous defendants employed at Calaveras County Adult Detention Facility and Tuolumne County Jail. As in plaintiff's prior complaint, he alleges unconnected claims. I will dismiss the complaint with leave to amend and give plaintiff one final opportunity to remedy this deficiency. Should plaintiff continue to combine multiple, unrelated claims in the same complaint, I will recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's amended complaint continues to raise insufficiently related claims against at least six defendants at the Calaveras County Adult Detention Center ("CCADC") and the County of Tuolumne (some defendants are listed as unknown). The allegations largely center around CCADC not providing plaintiff with a Kosher diet. ECF No. 8 at 5-6. Plaintiff alleges that defendants Dr. Sung and nurse Bowline put him on a diet of pureed food because he has issues with food getting stuck in his esophagus due to his hiatal hernia. *Id.* at 6. Because of this medical order, plaintiff had some of his commissary taken away from him. *Id.* Plaintiff also alleges that he was denied legal copies and law library access at CCADC, Tuolumne County Jail, and Napa

1 State Hospital. *Id.* at 8.

2 As I previously explained to plaintiff, there is no legal or factual overlap in these claims, and success in one would have no bearing on or relation to the other. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff may file an amended complaint that remedies this deficiency. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 8, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   August 5, 2025                              _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE

3