UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. FORGAN, | Case No.  2:25-cv-1325-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| TUOLUMNE COUNTY JAIL, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against the Calaveras County Jail itself and several staff members at that facility: Traci Bowline, Sung, Dale Maxwell, Kaitlyn Wills, Brandon Reynolds, and Cheryl Manning.  ECF No. 11 at 3-4.  He alleges that defendants violated his rights by prescribing him a non-solid, puree diet instead of the kosher diet he requested.  *Id.* at 5-7.  After review of the complaint, I find that the complaint states potentially cognizable section 1983 claims against defendants Bowline and Sung.  It fails, however, to state a viable claim against any other defendant, and I recommend that only the claims against Bowline and Sung proceed.

**I**.    **Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that, while detained at the Calaveras County Jail, defendants Bowline and Sung denied his requests for a kosher diet and, instead, placed him on a puree-only diet to which he objected. ECF No. 11 at 5-7. There is some indication in documents attached to the complaint that a non-solid diet might have been medically necessary, *id.* at 14, but, out of an abundance of caution, I will direct service of plaintiff's First Amendment claim on Bowline and Sung.

Plaintiff's claims against the other defendants should be dismissed, however. The Calaveras County Jail is not a viable defendant under section 1983. *See Campos v. W. Cnty. Det.*

2

*Facility*, No. 25-cv-06190-RMI, 2025 U.S. Dist. LEXIS 210535, *4 (N.D. Cal. Oct. 24, 2025) ("Plaintiff cannot sue the jail itself under section 1983 as the jail is not a 'person' within the meaning of the law."). And, to the extent that he is attempting to sue Calaveras County, he has failed to allege that the violation of his rights was attributable to any policy of the county. Further, his claims against the other jail staff are insufficient to state any cognizable claim. Plaintiff alleges that defendant Maxwell told him, on an unspecified date, that he would receive a "kosher-like protein substitute." ECF No. 11 at 6. He does not state what happened afterwards, whether he ever received the substitute, or if he had any additional interactions with Maxwell about his diet. Absent more, there is no indication that this defendant was personally involved in a violation of plaintiff's rights. Finally, as to the remaining named defendants—Kaitlyn Wills, Brandon Reynolds, and Cheryl Manning—the complaint is silent as to what, if any involvement, they had in the events at issue.

Accordingly, it is ORDERED that:

1.  The Clerk of Court shall assign a district judge to this action.

2.  Plaintiff may proceed with the First Amendment claims against Bowline and Sung deemed cognizable in this order.

3.  The clerk of court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed October 20, 2025, ECF No. 11.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.    one completed summons for the defendants;

    b.    two completed USM-285 forms; and

    c.    three copies of the signed October 20, 2025 complaint.

5.  Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of

3

costs by plaintiff.

6. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

Further, it is RECOMMENDED that all claims and defendants, other than the First Amendment claims against Bowline and Sung deemed cognizable in this order, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 30, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL J. FORGAN,

            Plaintiff,

    v.

TUOLUMNE COUNTY JAIL, *et al.*,

          Defendants.

Case No.  2:25-cv-1325-JDP (P)

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff must submit:

     __1__        completed summons form

     __2__        completed forms USM-285

     __3__        copies of the October 20, 2025 complaint

_____

                        Plaintiff

Dated:

5